**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4504

PEDRO ANTONIO REVELO,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-98-25)

Submitted: January 5, 1999

Decided: January 22, 1999

Before WIDENER, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Keith Loren Kimball, Virginia Beach, Virginia, for Appellant. Helen
F. Fahey, United States Attorney, Kevin M. Comstock, Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pedro Antonio Revelo pled guilty to conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846 (1994), and related offenses. The district court sentenced Revelo to 144 months imprisonment to be followed by four years of supervised release. Revelo appeals his sentence, asserting that the district court erred in enhancing his base offense level by four levels under U.S. SENTENCING GUIDELINES MANUAL § 3B1.1(a) (1997), for his role in the offense. Finding no clear error, we affirm.

I.

During the course of the conspiracy, police officers responded to a call reporting gunshots. When officers arrived, they noticed a car parked in the street with two male occupants, one of whom was Luis Lopez. Revelo then approached the car and identified himself as its owner. After a consent search, officers discovered in one of the passenger's socks approximately seventy-four grams of heroin and in Lopez' jacket a semi-automatic handgun and $5300 in currency. Lopez had made many trips to New York to obtain heroin or deliver currency for Revelo.

After his arrest, Revelo agreed to cooperate with authorities to identify his New York heroin source, but he failed to provide significant information. While released on bond, Revelo again purchased heroin. Pierre Dawson was questioned during a drug interdiction at a bus station, and officers found in his bag approximately 150 grams of heroin that Dawson said he was to deliver to a man named "Pete." Agents of the Drug Enforcement Administration ("DEA") determined that "Pete" was Revelo.

Revelo pled guilty to conspiracy to distribute heroin, aiding and abetting the possession with intent to distribute heroin, and attempting to possess with intent to distribute heroin. At sentencing, the district court established a base offense level of thirty-two, overruled Revelo's objection and applied a four-level enhancement under USSG

2

§ 3B1.1(a) for Revelo's role in the offense, and awarded a three-level reduction for acceptance of responsibility, for a total offense level of thirty-three. With a criminal history category of I, the applicable guideline range was 135-168 months. The court sentenced Revelo to 144 months imprisonment to be followed by four years of supervised release. This appeal followed.

II.

Revelo contends that the district court erred in enhancing his base offense level by four levels under USSG § 3B1.1(a). Revelo concedes that the criminal activity involved five or more participants, see USSG § 3B1.1(a), but asserts that he was not an organizer or leader of one or more of the participants. See USSG§ 3B1.1, comment. (n.2) ("To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."). We review a district court's factual determination of a defendant's role in an offense for clear error. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997).

Specifically, Revelo contends that he did not control the couriers and that recruitment alone, without additional evidence of his relationship with the couriers, did not support a finding that he was an organizer, manager, or supervisor. Testimony from a DEA agent established, however, that Revelo was an organizer or leader of one or more of the participants. Revelo recruited Luis Lopez and Pierre Dawson, and at least three others, as couriers to transport and distribute heroin and return the proceeds from the distribution to him. Revelo also provided Lopez with a firearm to protect the drug distribution activities. See USSG § 3B1.1, comment. (n.4) (outlining factors courts should consider in applying enhancement). On these facts, we find that the district court did not clearly err in applying a four-level enhancement for Revelo's role in the offense under USSG § 3B1.1(a). See Perkins, 108 F.3d at 518.

III.

Accordingly, we affirm Revelo's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid

3

the decisional process.

<u>AFFIRMED</u>

4